1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RAMON GUTIERREZ and CLARIZA              CASE NO. 10cv1012 DMS (BGS)
     GUTIERREZ, on behalf of themselves and
12   all others similarly situated,

13                                Plaintiffs,

14              vs.                           **ORDER DENYING**
                                              **DEFENDANT'S MOTION FOR**
15                                            **SUMMARY JUDGMENT**
     BARCLAYS GROUP d.b.a.
16   BARCLAYCARD, d.b.a. BARCLAYS            [Docket No. 22]
     BANK, d.b.a. BARCLAYS BANK
17   DELAWARE d.b.a. BARCLAYS BANK OF
     DELAWARE, N.A., et al.,
18
                                 Defendant.
19

20        This case comes before the Court on Defendant's motion for summary judgment. Plaintiffs have

21   filed an opposition to the motion, and Defendant has filed a reply. After thoroughly reviewing the

22   parties' briefs and supporting evidence, and the relevant case law, the Court denies the motion.

23                                         **I.**

24                                    **BACKGROUND**

25        In September 2009, Plaintiff Ramon Gutierrez applied for a credit card account from Defendant

26   Barclays. In the account application, Mr. Gutierrez listed two telephone numbers: (909) 702-5919 as

27   his home phone number and (909) 569-7913 as his work phone number. Although Mr. Gutierrez listed

28   the 5919 number as his home number, the number did not correspond to a land line to his home. Rather,

1    that number belonged to a cellular phone belonging to his wife, Plaintiff Clariza Gutierrez.  The 7913

2    number corresponded to Mr. Gutierrez's cellular phone.

3        In October 2009, Defendant approved Mr. Gutierrez's application and issued two separate credit

4    cards for the account.  One card was issued to Mr. Gutierrez, and the other card was issued to Mrs.

5    Gutierrez as an authorized user.  Mrs. Gutierrez was responsible for managing the account, which

6    included reviewing and paying the bills and communicating with Defendant on all account matters.

7        Plaintiffs made purchases on the account, but failed to make timely payments, therefore the

8    account became delinquent.  At that time, Defendant began making collection calls to the two telephone

9    numbers associated with the account, the 5919 number and the 7913 number.  Defendant also sent text

10   messages to the 7913 number.  In response to one of the text messages, Mr. Gutierrez asked Defendant

11   to stop sending text messages.  Defendant ceased all collection activity on the account as of May 13,

12   2010.

13       On May 12, 2010, Plaintiffs filed the present case on behalf of themselves and all others

14   similarly situated.  They allege one claim for negligent violation of the Telephone Consumer Protection

15   Act ("TCPA") and one claim for willful violation of the TCPA.

16                                              **II.**

17                                        **DISCUSSION**

18       Defendant moves for summary judgment on both of Plaintiffs' claims.  It raises three arguments.

19   First, Defendant argues it had prior express consent to call Plaintiffs at the numbers provided on the

20   application, therefore it did not violate the TCPA.  Second, Defendant asserts Mrs. Gutierrez is not a

21   "called party" under the TCPA, therefore she lacks standing to pursue her claims.  Third, Defendant

22   contends neither Plaintiff was charged for the calls or text messages, therefore there was no violation

23   of the TCPA.

24   **A.    Standard of Review**

25       Summary judgment is appropriate if there is no genuine issue as to any material fact, and the

26   moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party has

27   the initial burden of demonstrating that summary judgment is proper.  *Adickes v. S.H. Kress & Co.*, 398

28   U.S. 144, 157 (1970).  The moving party must identify the pleadings, depositions, affidavits, or other

1   evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp.*

2   *v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the

3   litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard*

4   *Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

5           The burden then shifts to the opposing party to show that summary judgment is not appropriate.

6   *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences

7   are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to

8   avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v.*

9   *Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there

10   is a genuine issue for trial. *Id.* More than a "metaphysical doubt" is required to establish a genuine

11   issue of material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

12   (1986). **B.      Prior Express Consent**

13           The TCPA makes it unlawful:

14      for any person within the United States, or any person outside the United States if the
         recipient is within the United States–
15
16      (A) to make any call (other than a call made for emergency purposes or made with the
         prior express consent of the called party) using any automatic telephone dialing system
         or an artificial or prerecorded voice– ...
17
18      (iii) to any telephone number assigned to a paging service, cellular telephone service,
         specialized mobile radio service, or other radio common carrier service, or any service
         for which the called party is charged for the call[.]
19

20   47 U.S.C. § 227(b)(1)(A)(iii). In a 1992 Report and Order, the Federal Communications Commission

21   ("FCC") stated that "persons who knowingly release their phone numbers have in effect given their

22   invitation or permission to be called at the number which they have given, absent instructions to the

23   contrary." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection*

24   *Act of 1991*, Report and Order, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992) ("1992 Report and Order"). In

25   a subsequent ruling, the FCC clarified "that autodialed and prerecorded message calls to wireless

26   numbers that are provided by the called party to a creditor in connection with an existing debt are

27   permissible as calls made with the 'prior express consent' of the called party." *In the Matter of Rules*

28   *and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling,

23 FCC Rcd. 559 (Jan. 4, 2008) ("2008 Declaratory Ruling").  The FCC also concluded "that the creditor should be responsible for demonstrating that the consumer provided prior express consent[,]" reasoning that "[t]he creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications." *Id.* at 565.

Here, Defendant asserts that Plaintiff Ramon Gutierrez provided prior express consent to call his and his wife's cellular telephone numbers when he listed those numbers on the account application. In support of this assertion, Defendant provides a copy of the on-line application form, which lists both cellular numbers.  (Decl. of Michael Liu in Supp. of Mot. ("Liu Decl."), Ex. A at 4.)  Plaintiffs do not dispute that Mr. Gutierrez listed these numbers on the application, and as to Mr. Gutierrez, Plaintiffs do not dispute that he gave prior express consent to the use of his cellular number.  However, Plaintiffs do dispute whether Mrs. Gutierrez gave prior express consent for the use of her cellular number.

Defendant maintains that Mrs. Gutierrez gave prior express consent, and as support, it cites the deposition testimony of Mr. and Mrs. Gutierrez.  Mr. Gutierrez testified that he had Mrs. Gutierrez's consent to provide her cellular number on the account application.  (Mem. of P. & A. in Supp. of Mot. at 13.)  Similarly, Mrs. Gutierrez testified that it was "okay" with her if her husband provided her cellular number to credit card companies.  (Reply Br. at 6.)

Mrs. Gutierrez now disputes that she gave her husband consent to list her cellular number on the account application.  (*See* Decl. of Clariza Gutierrez in Supp. of Opp'n to Mot. ("C. Gutierrez Decl.") ¶ 6.)[1]  Moreover, Plaintiffs argue that Mr. Gutierrez could not consent to the use of Mrs. Gutierrez's cellular number.  They contend that only Mrs. Gutierrez could provide consent for the use of her number, and she never gave that consent directly to Defendant.

Neither Plaintiffs nor Defendant cite any case law on whether a husband may provide "prior express consent" for the use of his wife's cellular number under the TCPA.  In the criminal context, however, the prosecution may show that it obtained consent for a search not only with "proof that

---

[1]  Defendant objects to this evidence on the ground it contradicts Mrs. Gutierrez's sworn deposition testimony.  (*See* Def.'s Evidentiary Objections at 2-3.)  The Court sustains that objection. *See Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.")

consent was given by the defendant," but also "that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171 (1974). Here, Defendant has provided evidence that Mr. Gutierrez was allowed to use his wife's cellular phone without asking her for permission, and that he did in fact use her cellular phone. (Decl. of Jordan Yu in Supp. of Mot. ("Yu Decl."), Ex. G at 120-21.) These undisputed facts are sufficient to show that Mr. Gutierrez possessed "common authority" over his wife's cellular telephone such that he could give Defendant "prior express consent" for its use of her cellular number, and indeed, that is precisely what happened when Mr. Gutierrez listed her number on the account application.

Nevertheless, Plaintiffs argue they revoked their consent to the use of their cellular numbers. Specifically, Mr. Gutierrez asserts he revoked his prior express consent for the use of his cellular number via text message, while Mrs. Gutierrez asserts she orally revoked the consent for the use of her cellular number. Defendant does not dispute that Mr. Gutierrez revoked his prior express consent by virtue of the text message. However, it does dispute whether Mrs. Gutierrez's oral revocation was valid.

In support of its position that consent must be revoked in writing, Defendant cites two unpublished, out-of-circuit, district court cases, *Starkey v. Firstsource Advantage, LLC*, No. 07-CV-662A(Sr), 2010 WL 2541756 (W.D.N.Y. Mar. 11, 2010), and *Cunningham v. Credit Management, L.P.*, No. 3:09-cv-1497-G(BF), 2010 WL 3791104 (N.D. Tex. Aug. 30, 2010). *Starkey*, however, does not address the issue presented here, namely whether a called party under the TCPA may orally revoke its prior express consent to receive certain automated or pre-recorded calls. Rather, *Starkey* addressed the separate question of whether written notice is required to cease debt collection calls, particularly under the Fair Debt Collection Practices Act ("FDCPA"). This Court, therefore disagrees with *Cunningham*'s reading of *Starkey* as establishing that "revocation of consent under the TCPA must be made in writing." 2010 WL 3791104, at *5. The facts of *Cunningham* are also distinguishable from the facts of this case. In *Cunningham*, the plaintiff attempted to revoke his prior express consent by telling the defendant that "calls to his cellular phone are inconvenient." *Id.* Here, by contrast, Mrs. Gutierrez expressly requested that Defendant remove her cellular number from the account, (Decl. of David C. Leimbach in Supp. of

1    Opp'n to Mot. ("Leimbach Decl."), Ex. A), and stated that she did not want to receive any more calls

2    on the account on her cellular phone.  (Leimbach Decl., Ex. B.)

3          In contrast to the authority cited by Defendant, Plaintiffs argue that the plain language of the

4    TCPA and the 1992 Report and Order of the FCC support their position that consent under the TCPA

5    may be revoked orally.  Plaintiffs note the statute lacks any requirement that revocation of consent be

6    in writing, as does the 1992 Report and Order.  Plaintiffs also argue that oral consent is sufficient,

7    therefore oral revocation of consent should be sufficient, as well.

8          Although the TCPA does not expressly state whether prior express consent may be oral, the 1992

9    Report and Order strongly suggests that prior express consent need not be in writing.  *See* 1992 Report

10   and Order ¶¶ 30-31.  For instance, the 1992 Report and Order uses a credit application as an example

11   of how a consumer may provide prior express consent for the use of their telephone number.  In this

12   case, Mr. Gutierrez filled out the account application on-line, but consumers are also free to apply for

13   credit over the telephone.  It seems highly unlikely that a creditor would assert that an on-line applicant

14   gave prior express consent, but the telephone applicant did not.  Applying this logic, and absent

15   language in the statute to the contrary, this Court agrees with Plaintiffs that prior express consent may

16   be revoked orally and need not be in writing.  Thus, both Plaintiffs revoked their prior express consent

17   to Defendant's use of their cellular telephone numbers.  Accordingly, Defendant is not entitled to

18   summary judgment on Plaintiffs' claims on the basis of the "prior express consent" exception.

19   **C.     Called Party**

20         Next, Defendant argues it is entitled to summary judgment on Mrs. Gutierrez's claims because

21   she is not a "called party" under the TCPA.  Defendant asserts the "called party" under the TCPA is the

22   "intended recipient of the call or fax[,]" *Leyse v. Bank of Am., N.A.*, No. 09 Civ. 7654 (JGK), 2010 WL

23   2382400, at *4 (S.D.N.Y. June 14, 2010), which in this case was Mr. Gutierrez.  Plaintiffs dispute

24   Defendant's interpretation of "called party," and also dispute Defendant's assertion that Mr. Gutierrez

25   was the intended recipient of Defendant's calls.

26         In *Leyse*, the defendant placed a prerecorded telemarketing call to the telephone line in a home

27   shared by the plaintiffs Mark Leyse and Genevieve Dutriaux.  Dutriaux was the subscriber to the

28   telephone line, but Leyse answered the call.  Both plaintiffs filed a complaint against the defendant

alleging violations of the TCPA, and the defendant moved to dismiss Leyse's claims on the ground he was not the "called party" under the TCPA, and therefore lacked standing to sue.  The court agreed with the defendant that Leyse was not the "called party" because "he was an unintended and incidental recipient of the call."  *Id.*  The court reasoned that "[i]f any person who receives the fax or answers the telephone call has standing to sue, then businesses will never be certain when sending a fax or placing a call with a prerecorded message would be a violation of the TCPA."  *Id.*

However, at least one other court has taken a different approach from *Leyse*.  *See Dawson v. Am. Dream Home Loans*, No 06CV000513, 2006 WL 2987104 (Ohio Com. Pl. Oct. 4, 2006).  In *Dawson*, the court found the TCPA "provides for a cause of action for any person who receives an unsolicited fax and does not limit the cause of action to the intended recipient of an unsolicited fax."  Id. at *4.

This Court, however, declines to follow either *Leyse* or *Dawson*.  Instead, the Court is persuaded by Plaintiffs' argument that the TCPA is intended to protect the telephone subscriber, and thus it is the subscriber who has standing to sue for violations of the TCPA.  Here, Mrs. Gutierrez was the subscriber to the 5919 number, therefore she has standing to sue for calls made to that number.  Accordingly, Defendant is not entitled to summary judgment on Mrs. Gutierrez's claims on the grounds she lacks standing.

**D.    Charged**

Finally, Defendant argues it is entitled to summary judgment on Plaintiffs' claims on the ground that neither Plaintiff was charged for either the calls or text messages to their cellular phones.  Plaintiffs dispute that they needed to incur a charge to state a violation of the TCPA, and also dispute that they did not incur any charges.

The relevant statutory language provides that it is unlawful for any person to make certain calls "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]"  47 U.S.C. § 227(b)(1)(A)(iii).  Defendant argues the last phrase of this section modifies all the previous phrases, and therefore imposes a requirement that the party be charged for the call.  Plaintiffs respond that this interpretation violates the doctrines of last antecedent and interpreting disjunctives.

The doctrine of last antecedent states "'a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows.'" *United States v. Hayes*, ___ U.S. ___, 129 S.Ct. 1079, 1086 (2009) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)). Following this doctrine, the phrase "for which the called party is charged for the call" modifies only "any service," not the preceding sections of the statute. "The rule of the last antecedent, however, 'is not an absolute and can assuredly be overcome by other indicia of meaning.'" *Id.* (quoting *Barnhart*, 540 U.S. at 26).

Defendant attempts to overcome the rule by citing the 1992 Report and Order, wherein the FCC concluded "that the TCPA did not intend to prohibit autodialer or prerecorded message calls to cellular customers for which the called party is not charged." 1992 Report and Order ¶ 45. However, as Plaintiffs point out, that portion of the Order deals with a requested exemption for "those calls made by cellular carriers to cellular subscribers (as part of the subscriber's service) for which the called party is not charged." *Id.* ¶ 43. It does not, as Defendant suggests, apply to all calls for which the called party is not charged.

Indeed, other portions of the statute lead to the contrary result. Specifically, 47 U.S.C. § 227(b)(2)(C) provides that the FCC:

> may, by rule or order, exempt from the requirements of paragraph (1)(A)(iii) of this subsection calls to a telephone number assigned to a cellular telephone service that are not charged to the called party, subject to such conditions as the Commission may prescribe as necessary in the interest of the privacy rights this section is intended to protect[.]

47 U.S.C. § 277(b)(2)(C). Clearly, if § 227(b)(1)(A)(iii) did not include "calls to a telephone number assigned to a cellular telephone service that are not charged to the called party[,]" *i.e.*, calls for which the party was not charged, there would be no need for the FCC to create an exemption. Thus, based on this Court's reading of the statute, Plaintiffs need not show that they were charged for the calls or text messages to their cellular phones to prevail on their TCPA claims. Defendant's argument to the contrary does not warrant summary judgment in its favor.

### III.

### CONCLUSION

For these reasons, the Court denies Defendant's motion for summary judgment.

10cv1012

1    **IT IS SO ORDERED**.

2    DATED:  February 9, 2011

3                                                        HON. DANA M. SABRAW
                                                         United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28